Filed 11/5/20  P. v. Saucedo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C088742 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CR2789602) |
| v. | |
| STEVEN SAUCEDO, | |
| Defendant and Appellant. | |

After pleading guilty to conspiracy to possess a controlled substance in a state prison, defendant Steven Saucedo was sentenced to three years in state prison.  The court imposed the minimum restitution fine, as well as the mandatory court operations and conviction assessments for the conviction.  Citing *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant contends on appeal that the court violated his constitutional rights to due process and equal protection, and the prohibition against excessive fines, by imposing the restitution fine and mandatory assessments without

determining his ability to pay them.  We conclude the trial court properly imposed the restitution fine and mandatory assessments and affirm the judgment.

## I.  BACKGROUND

Over the course of two months, defendant had several phone calls with his wife involving the purchase of controlled substances to smuggle into Mule Creek State Prison.[1]  When defendant's wife visited him in prison after the phone calls, she was searched and found to be in possession of mushrooms, butane honey oil, various prescription medications, and lubricant.  Defendant pled guilty to conspiracy to possess a controlled substance in a state prison.  (Pen. Code, §§ 182, subd. (a)(1), 4573.6, subd. (a).)[2]

The trial court sentenced defendant to three years in state prison.  The court also imposed a $300 restitution fine (§ 1202.4), a $40 court operations assessment (§ 1465.8), and a $30 conviction assessment (Gov. Code, § 70373).  The court imposed and suspended a $300 parole revocation restitution fine (§ 1202.45).

## II.  DISCUSSION

Defendant argues the trial court violated his rights to due process and equal protection and the federal and state constitutional prohibitions on excessive fines by imposing these fines and fees without holding a hearing to determine his ability to pay them.  The argument relies primarily on *Dueñas, supra*, 30 Cal.App.5th 1157, which held "due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under []section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.)  The *Dueñas* court also held "that although []section 1202.4 bars

_____

[1]  Defendant waived his right to a presentence report and investigation and the trial court drew the factual basis for the plea from the complaint.

[2]  Undesignated statutory references are to the Penal Code.

consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.) Defendant requests we remand the case for a hearing regarding his present ability to pay. We are not persuaded that the analysis used in *Dueñas* is correct.

Our Supreme Court is now poised to resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court facilities and court operations assessments under section 1465.8 and Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp, supra,* at pp. 95-96.)

In the meantime, we join those authorities that have concluded the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.) Having done so, we reject defendant's *Dueñas* challenge to the above-referenced fines, fees, and assessments.

In a related argument, defendant argues imposing the restitution fine without considering his ability to pay violated the excessive fines clauses of the federal and state constitutions. (U.S. Const., 8th Amend.; Cal. Const., art. I, § 17.) We disagree. (*People ex rel. Lockyer v. R.J. Reynolds Tobacco Co.* (2005) 37 Cal.4th 707, 731 (*Lockyer*) [after examining the relevant considerations, a reviewing court can decide for itself whether a fine or penalty is unconstitutionally excessive].)

"The Eighth Amendment prohibits the imposition of excessive fines.  The word 'fine,' as used in that provision, has been interpreted to be ' "a payment to a sovereign as punishment for some offense." ' " (*People v. Gutierrez* (2019) 35 Cal.App.5th 1027, 1040 (conc. opn. of Benke, J.).)  The determination of whether a fine is excessive for purposes of the Eighth Amendment is based on the factors set forth in *United States v. Bajakajian* (1998) 524 U.S. 321 [141 L.Ed.2d 314] (*Bajakajian*).  (*Lockyer, supra*, 37 Cal.4th at pp. 728-729 [applying Eighth Amendment analysis to both defendant's federal and state excessive fines claims].)

"The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality:  The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." (*Bajakajian, supra*, 524 U.S. at p. 334.)  "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." (*Ibid*.)

The California Supreme Court has summarized the factors in *Bajakajian* to determine if a fine is excessive in violation of the Eighth Amendment:  "(1) the defendant's culpability; (2) the relationship between the harm and the penalty; (3) the penalties imposed in similar statutes; and (4) the defendant's ability to pay." (*Lockyer, supra*, 37 Cal.4th at p. 728; see *People v. Gutierrez, supra*, 35 Cal.App.5th at pp. 1040-1041 (conc. opn. of Benke, J.).)  "While ability to pay may be part of the proportionality analysis, it is not the only factor." (*People v. Aviles, supra*, 39 Cal.App.5th at p. 1070, citing *Bajakajian, supra*, 524 U.S. at pp. 337-338.)  We review the excessiveness of a fine challenged under the Eighth Amendment de novo.  (*Aviles, supra,* at p. 1072.)

Here, the $300 restitution fine imposed in defendant's case was not grossly disproportional to the level of harm and defendant's culpability in the offense.  Defendant conspired with his wife and at least one other inmate to smuggle a variety of illegal drugs into a tightly controlled institutional setting.  These actions risked harm to his co-conspirators, as well as institutional staff and other inmates.  It was not grossly

disproportionate to impose the statutory minimum restitution fine in this instance. Accordingly, the $300 restitution fine imposed in this case is not excessive under the Eighth Amendment or the equivalent provision of the California Constitution.

### III.  DISPOSITION

The judgment is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

HOCH, Acting P. J.

/S/

_____

KRAUSE, J.